IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RONALD L. KUPSKY,

    Petitioner,

v.                                                    Case No. 25-CV-1409

SUE DE HAAN,

    Respondent.

## ANSWER

Respondent, by undersigned counsel, pursuant to the Screening Order (Dkt. 7) and Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, answers the Petition for a Writ of Habeas Corpus (Dkt. 1) as follows:

### PROCEDURAL HISTORY AND CLAIMS

**I.**     **Subject of this Petition**

    A–B.   **ADMIT**.

    C.     **DENY** and **ALLEGE** that the judgment of conviction was entered on May 24, 2019. (Ex. 1.)

    D–F.   **ADMIT**.

G. **ADMIT** and **ALLEGE** that Petitioner was convicted of 1st Degree Child Sex Assault – Sexual Contact with Person under Age of 13, in violation of Wis. Stat. § 948.02(1)(e). (Ex. 1.)

H–J. **ADMIT**.

## II. Direct Appeal of State Conviction

A. **ADMIT** and **ALLEGE** that Petitioner's counsel filed a no-merit report via Wisconsin Court of Appeals Case No. 2020AP779-CRNM on July 30, 2020 and that Petitioner's conviction was summarily affirmed on November 29, 2022. (Exs. 2–3.)

B. **ADMIT** and **ALLEGE** that Petitioner petitioned the Wisconsin Supreme Court for review on December 19, 2022 and that the petition was denied on April 18, 2023. (Ex. 4.)

C. **ADMIT**.

## III. State Post-Conviction Relief Other than Direct Appeal

**ALLEGE** that Petitioner filed a motion for postconviction relief under Wis. Stat. § 974.06 on May 8, 2023; that the motion was denied on July 13, 2023; that Petitioner appealed via Wisconsin Court of Appeals Case No. 2023AP1397 on October 2, 2023; that the appeal was summarily affirmed on October 29, 2024; that Petitioner petitioned the Wisconsin Supreme Court for review on January 13, 2025; and that the petition was denied on March 13, 2025. Otherwise **ADMIT.** (Exs. 5–7.)

IV. **Grounds for Relief**

**Ground One: <u>Fifth Amendment Violation – No evidence pointing to the assault being done for sexual gratification.</u>**

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**Ground Two: <u>Sixth Amendment violation – Denied the right to a speedy trial.</u>**

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. **ALLEGE** that this ground is redundant with Ground Three, and to the extent it is based on federal statutes governing federal speedy trial rules in federal court, it is not a cognizable claim in this action under 28 U.S.C. § 2254.

**Ground Three: <u>Fifth Amendment violation - Denied due process for a speedy trial because the four factors were never considered.</u>**

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

> **Ground Four: <u>Fifth amendment violation – The judge did not include instructions for accidental contact.</u>**

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. **ALLEGE** that this is a state law issue not cognizable under 28 U.S.C. § 2254.

> **Ground Five: <u>Fourteenth Amendment violation - Accidental contact jury instructions were not given.</u>**

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its

decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. **ALLEGE** that this is a state law issue not cognizable under 28 U.S.C. § 2254, except to the extent Petitioner means to imply an equal protection claim.

### Ground Six: Fifth Amendment violation – The State withheld discovery used to convict on count one.

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### Ground Seven: Fifth Amendment violation – The State withheld discovery used to convict.

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### Ground Eight: Fifth Amendment violation – The State withheld discovery used to convict.

**DENY** that Petitioner is entitled to habeas corpus relief on this ground.

**ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### Ground Nine: Fifth Amendment violation – The State withheld discovery used to convict on count one.

**DENY** that Petitioner is entitled to habeas corpus relief on this ground.

**ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### Ground Ten: Fifth Amendment violation – Excessive Sentence.

**DENY** that Petitioner is entitled to habeas corpus relief on this ground.

**ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding. **ALLEGE** that this is a state law issue not cognizable under 28 U.S.C. § 2254.

> **Ground Eleven:** <u>Fifth Amendment violation – The court did not follow Wis. Stat. § 971.10(2)(b).</u>

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. **ALLEGE** that the Court has dismissed this ground.

> **Ground Twelve:** <u>Sixth Amendment violation – Ineffective assistance of appellate counsel.</u>

**DENY** that Petitioner is entitled to habeas corpus relief on this ground. **ALLEGE** that the Wisconsin Court of Appeals decision denying this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. **ALLEGE** that the Court has dismissed this ground.

V. **Prior Federal Challenges**

    A–B. **ADMIT**.

## VI. Representation

    A.    **ADMIT**.

## VII. Request for Relief

**DENY** that Petitioner's rights were violated in any way or that he is entitled to any of the relief he seeks. **ALLEGE** that the court does not have jurisdiction to provide the requested relief: "Overturn my conviction." (Dkt. 1:12.) A habeas corpus court may only act on the body (corpus) of the Petitioner, i.e., it may order his release, conditionally or unconditionally, but it may not touch the state court's judgment itself.

## GENERAL DENIAL

Respondent **DENIES** anything not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Grounds Two, Four, Five, Ten, and Eleven are not cognizable in federal habeas corpus because they concern issues of state law.

2. Grounds Four and Five are technically exhausted but procedurally defaulted because Petitioner did not include them in his petition for review to the Wisconsin Supreme Court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

3. Grounds Six, Seven, Eight, and Nine are procedurally defaulted because the Wisconsin Court of Appeals rejected them on adequate and independent state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).

4. To the extent the grounds in the Petition are exhausted, not procedurally defaulted, and are not based on state law (i.e., Grounds One and Three) they were adjudicated on the merits in state court, and Petitioner cannot show that the state court ruled contrary to or unreasonably applied clearly established U.S. Supreme Court precedent or unreasonably determined relevant facts. 28 U.S.C. § 2254(d)–(e).

5. Any error was harmless, i.e., it did not have a substantial and injurious effect or influence on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

6. Even if a constitutional violation could be shown, habeas corpus relief is discretionary, and law and justice do not require relief in this case. 28 U.S.C. §§ 2241, 2243; *Brown v. Davenport*, 596 U.S. 118 (2022).

## THE STATE COURT RECORD

The following records of the proceedings in *State v. Ronald L. Kupsky*, Outagamie County Circuit Court No. 2018CF686, as well as direct review, Wisconsin Court of Appeals No. 2020AP779-CRNM, and collateral review, Wisconsin Court of Appeals No. 2023AP1397, are being filed with this Answer:

I. **BRIEFS AND OPINIONS**

- **Exhibit 1:** Judgment of Conviction
- **Exhibit 2:** No-Merit Report, Response, Supplemental Report, and Second Supplemental Report on Direct Review

- **Exhibit 3:** Wisconsin Court of Appeals Decision on Direct Review
- **Exhibit 4:** Petition for Review, Response, and Order Denying Review on Direct Review
- **Exhibit 5:** Collateral Wis. Stat. § 974.06 Motion, Response, Reply, and Order Denying Motion in Outagamie County Case No. 2018CF686
- **Exhibit 6**: Briefs on Collateral Review
- **Exhibit 7**: Wisconsin Court of Appeals Decision on Collateral Review
- **Exhibit 8**: Petition for Review, Response, and Order Denying Review on Collateral Review

## II. TRANSCRIPTS

- **Exhibit 9:** Jury Trial Day 1 Transcript, May 22, 2019
- **Exhibit 10:** Jury Trial Day 2 Transcript, May 23, 2019

## CONCLUSION

Petitioner is not in custody in violation of the Constitution, laws, or treaties of the United States and is therefore not entitled to habeas corpus relief. 28 U.S.C. §§ 2241(c)(3), 2254(a). Respondent respectfully requests that this Court **DENY** the Petition and **DENY** a certificate of appealability.

Dated: October 15, 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/Eliot M. Held
ELIOT M. HELD
Assistant Attorney General
State Bar #1079681

Attorneys for Respondent

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8554
(608) 294-2907 (Fax)
eliot.held@wisdoj.gov